# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOME GOMEZ,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>CALPACIFIC MORTGAGE CONSULTANTS, INC.; JP MORGAN CHASE; CHASE HOME FINANCE, LLC; NDEX WEST, LLC, as Trustee on the Deed in Trust, E*TRADE BANK; and DOES 1-20,<br><br>　　　　　　　　Defendants. | CASE NO. 09-CV-2926-IEG (CAB)<br><br>**ORDER GRANTING IN PART DEFENDANT E*TRADE BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 8] |

　　　　Presently before the Court is Defendant E*Trade Bank's ("E*Trade") motion to dismiss Plaintiff Salome Gomez's ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 8.)

　　　　Plaintiff has filed an opposition, and E*Trade filed a reply.  This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated herein, the Court GRANTS IN PART the motion to dismiss as to Plaintiff's causes of action for intentional misrepresentation, fraudulent concealment, and quiet title.

## FACTUAL BACKGROUND

　　　　This matter involves two loans obtained by Plaintiff and secured by deeds of trust on her home. The following facts are taken from Plaintiff's First Amended Complaint.

　　　　On or about May 29, 2007, Plaintiff purchased a single family home located at 27239

1  Latigo Road, Valley Center, CA, 92082 (the "Property"). In order to finance the purchase of the
2  Property, Plaintiff obtained a loan from Defendant JP Morgan Chase in the amount of $456,000,
3  and obtained a concurrent second loan from E*Trade in the amount of $114,000.  Defendant
4  CalPacific Mortgage Consultants Inc. ("CalPacific") was the broker.

5     Plaintiff alleges Defendants Calpacific, JP Morgan Chase, and E*Trade ("Defendants")
6  knew she was not qualified for the loans, but fraudulently represented to her that she was.
7  According to Plaintiff, Defendants "made no effort to see if Plaintiff was properly qualified."
8  During the completion of the loan applications, Defendants asked Plaintiff to state her income,
9  without requesting or requiring supporting documents.  Plaintiff alleges she accurately stated her
10 income, but Defendants inflated her income on her loan application, using an income of $11,900[1]
11 without her knowledge in order to qualify her for a risky loan. The Debt to Income Ratio ("DTI")
12 of her loan was 42.3%, although the government considers 33% a reasonable DTI.  In addition,
13 Defendants qualified her using the lowest possible payment amount, in violation of industry
14 standards.

15    Plaintiff subsequently fell behind on mortgage payments.  On or about September 22,
16 2009, Plaintiff sent a Qualified Written Request pursuant to the Real Estate Settlement Procedures
17 Act to both Defendant Chase Home Finance and E*Trade through certified mail. On or about
18 November 29, 2009, Plaintiff's counsel sent a Notice of Rescission to Defendant JP Morgan
19 Chase.  In December 2009, Plaintiff received a Notice of Sale for the Property informing her of a
20 trustee's sale scheduled for April 23, 2010.

21                          **PROCEDURAL HISTORY**

22    On December 30, 2009, Plaintiff filed a complaint against Defendants Calpacific, JP
23 Morgan Chase, E*Trade, Chase Home Finance, NDex West, and Does 1-20. (Doc. No. 1.)  On
24 March 23, 2010, E*Trade moved to dismiss the complaint. (Doc. No. 4.)  Subsequently, Plaintiff
25 timely filed a First Amended Complaint ("FAC") (Doc. No. 5), and the Court dismissed the
26 motion to dismiss as moot (Doc. No. 7).

27    The FAC names the same defendants and alleges eight causes of action: (1) intentional
28

---

[1] The FAC does not specify if this is per month.

1  misrepresentation, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) constructive fraud,
2  (5) quiet title, (6) violation of the Truth in Lending Act ("TILA"), (7) violation of the Real Estate
3  Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and (8) violation of RESPA, 12 U.S.C.
4  § 2605.  On April 30, 2010, E*Trade filed the instant motion to dismiss Plaintiff's FAC, requesting
5  dismissal of five of the eight causes of action. (Doc. No. 8.)

**DISCUSSION**

**I.   Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true. Iqbal, 129 S.Ct. at 1949.  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

//

**II.   Analysis of E*Trade's Motion to Dismiss**

E*Trade moves to dismiss Plaintiff's causes of action for intentional misrepresentation, fraudulent concealment, violation of TILA, quiet title, and violation of Section 2605 of RESPA. The Court addresses each in turn.

<u>A.</u>   Intentional Misrepresentation and Fraudulent Concealment

E*Trade addresses Plaintiff's first and second causes of action for intentional misrepresentation and fraudulent concealment together, arguing that Plaintiff fails to allege these claims with particularity, as is required under Federal Rule of Civil Procedure 9(b).

Under California law, there are five elements of common law fraud: (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. <u>Gil v. Bank of Am., N.A.</u>, 42 Cal. Rptr. 3d 310, 317 (Ct. App. 2006).  Federal Rule of Civil Procedure 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In the Ninth Circuit, this rule has been interpreted as requiring the plaintiff to allege "the who, what, when, where, and how" of the misconduct charged. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting <u>Bly-Magee</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)).  "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Vess</u>, 317 F.3d at 1106 (quoting <u>Decker v. GlenFed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir.1994)).

Here, the alleged misrepresentations underlying Plaintiff's cause of action for intentional misrepresentation are E*Trade (1) inflated her income by "using an income of $11,900.00 on the loan application without [her] consent or permission," (2) "represented . . . that she was qualified for the mortgage[]," and (3) failed to inform her of the right to rescind, "along with failing to disclose numerous federal safeguards in the application process."  (FAC ¶¶ 11, 30-31.)  Under Plaintiff's separate cause of action for fraudulent concealment, she alleges E*Trade "fraudulently concealed the true cost of the loan by providing false documents and statements," and "fail[ed] to provide disclosures required by federal and state law, including disclosures required under RESPA and TILA." (FAC ¶¶ 38-39.)

These claims are not pled with particularity. First, Plaintiff alleges E*Trade inflated her income by "using an income of $11,900.00 on the loan application," yet fails to allege what she stated her actual income to be. Thus, the FAC fails to sufficiently allege why the representation was false. See Vess, 317 F.3d at 1106. Second, nothing in the FAC indicates when E*Trade represented she was qualified for the loan, how the representation was made, or who made the representation. Third, Plaintiff does not allege why the failure to inform her of the right of rescission constitutes a misrepresentation, and fails to specify what the "numerous federal safeguards" are that E*Trade failed to disclose. Finally, with respect to the fraudulent concealment claim, Plaintiff fails to allege specifically what "false documents and statements" she is referring to, as well as the specific disclosures E*Trade failed to provide.

Because Plaintiff's allegations of intentional misrepresentation and fraudulent concealment do not satisfy Rule 9(b), these causes of action are dismissed.

B.   Violation of TILA

Plaintiff's seventh cause of action is for violation of TILA, 15 U.S.C. § 1601-1693 (2009), as well as TILA's implementing regulation (known as "Regulation Z"), 12 C.F.R. § 226.23. E*Trade moves to dismiss this claim because it is barred by the one-year statute of limitations. E*Trade acknowledges that Plaintiff does not assert this cause of action against E*Trade, but argues Plaintiff bases her claims for intentional misrepresentation and fraudulent concealment claims against E*Trade in part on violation of TILA.

An action for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Because any claim under Regulation Z is derivative of a TILA claim, the same statute of limitations applies to Regulation Z claims. However, equitable tolling may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the fraud or nondisclosures at the time of loan consummation. Id. at 915. District courts have discretion to adjust the limitations period in cases where "the general rule would be unjust or frustrate the purpose of [TILA]." Id.

In this case, Plaintiff alleges equitable tolling is proper because she is primarily a Spanish speaker who "was in no position to discover the violation of TILA until her loan documents were reviewed by mortgage professionals, which issued a report on August 11, 2009, informing her of the violation." (FAC ¶ 82.)  The general applicability of equitable tolling often depends on matters outside the pleadings, and "is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).  When determining whether the statute of limitations has run on a motion to dismiss, a court may only grant the motion "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.  Reading the FAC liberally, the Court finds applicability of equitable tolling in this case depends on factual questions not clearly resolved in the pleadings; specifically, when Plaintiff had the "reasonable opportunity" to discover the allegedly deficient disclosures.

Accordingly, the Court finds Plaintiff has pled sufficient facts to support the applicability of equitable tolling.  The motion to dismiss Plaintiff's cause of action for violation of TILA is denied.

C.   Quiet Title

E*Trade moves to dismiss Plaintiff's fifth cause of action for quiet title.  The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to." Newman v. Cornelius, 83 Cal. Rptr. 435, 437 (Ct. App. 1970).

E*Trade contends Plaintiff fails to state a claim for quiet title, because a borrower cannot quiet title without discharging his debt and Plaintiff has failed to allege she tendered the amount due on the loan. Aguilar v. Bocci, 114 Cal. Rptr. 91, 92 (Ct. App. 1974).  This argument has merit.  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  Under California law, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." Fleming v. Kagan, 11 Cal.

Rptr. 737, 740 (Ct. App. 1961). "The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." Id.

Therefore, because Plaintiff must allege her ability to tender the amount due on the loan, Plaintiff fails to state a cause of action for quiet title.[2]

### D. Violation of Section 2605 of RESPA.

E*Trade moves to dismiss Plaintiff's eighth cause of action for violation of Section 2605 of RESPA, because the FAC does not sufficiently allege E*Trade failed to respond to Plaintiff's Qualified Written Request ("QWR") for information relating to servicing of her loan.

Generally, if the loan servicer of a federally related mortgage loan receives a QWR from the borrower for "information relating to the servicing of such loan," the loan servicer is required to provide a written response within 20 days. 12 U.S.C. § 2605(e)(1)(A). A "QWR" is defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that --
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

Id. § 2605(e)(1)(B). When the loan servicer receives a QWR, it must either correct the borrower's account, or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the loan servicer believes the account is correct, or (2) why the requested information is unavailable. See id. § 2605(e)(2).

Here, Plaintiff alleges the loan she obtained from E*Trade was also serviced by E*Trade. (FAC ¶ 95.) On or about September 22, 2009, her counsel "sent a [QWR] via certified mail to Defendant E*Trade Bank." (FAC ¶ 97.) Plaintiff alleges E*Trade did not fully provide the

---

[2] E*Trade also argues that Plaintiff's FAC is not verified, as is required for a quiet title pleading under California law. See Cal. Code Civ. P. § 761.020. However, a federal court need not follow a state practice requiring verification. See Fed. R. Civ. P. 11(a) ("Unless a rule of statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."); see also Farzana K. v. Indiana Dep't of Educ., 473 F.3d 703 (7th Cir. 2007).

requested information, including information regarding:[3]

> the current party claiming a beneficial interest in the note, the identity of all holders of the note secured by the deed of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments and an accounting of all attorney fees [sic], costs.

(FAC ¶ 98.) E*Trade argues: (1) Plaintiff's alleged QWR requests information unrelated to servicing, such as "whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure and the identity of all holders of the note"; (2) Plaintiff fails to allege she sent it to an address E*Trade designated for QWRs; (3) Plaintiff fails to allege whether E*Trade responded to it, and; (4) Plaintiff fails to attach the QWR to the FAC.

E*Trade's arguments lack merit. Plaintiff sufficiently alleged the QWR requested at least some information relating to servicing, and that E*Trade failed to respond. A QWR must seek "information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Servicing is defined in the statute as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in § 10, and making the payments of principle and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id. § 2605(i)(3). Plaintiff alleges E*Trade "did not fully provide the requested information," including her request for "the calculation of the principal and interest," "evidence of payments made by the Plaintiff," and "all debits and credits to the Plaintiff's accounts." (FAC ¶ 98.) This information relates to the servicing of her loan. Finally, E*Trade provides no support for its contention that Plaintiff is required to allege she sent the QWR to an address "designated for QWRs," or is required to attach

---

[3] Plaintiff's FAC provides the following description of the content of the QWR: "Such request, in summary, sought information on whether or not the loan was in lawful compliance with all federal and state laws regarding disclosure, the identity of all holders of the note secured by the deed of trust, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance of the loan, an accounting of all monies applied to suspended or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all servicers of the account." (FAC ¶ 97.)

1 | the QWR to the FAC.

2 | Accordingly, Plaintiff states a claim for violation of Section 2605 of RESPA.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART E*Trade's motion to dismiss Plaintiff's First Amended Complaint. Plaintiff's causes of action for intentional misrepresentation, fraudulent concealment, and quiet title are DISMISSED WITHOUT PREJUDICE. Plaintiff may amend the complaint as to the claims dismissed without prejudice **no later than 20 days from the filing date of this order**.

**IT IS SO ORDERED.**

DATED: June 29, 2010

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**